## Goodman et ux. v. Meade et al.

*Carr & Krauss,* for plaintiffs.
*J. H. Lieberman,* for defendants.

OLIVER, P. J., July 3, 1947.—Plaintiffs, registered owners of two pieces of real estate, have brought this action for mandamus. The matter was heard by us without jury. The facts, most of which are established by the pleadings, are not disputed. They are as follows:

In 1944 two pieces of Philadelphia real estate, owned by plaintiffs, were assessed, for the 1945 tax, at $90,000 and $138,200 each. In December 1944 the board of revision of taxes reduced the assessments to $86,600 and $121,000, respectively. Appeals were taken to the court of common pleas and, on July 18, 1945, the court entered decrees nisi sustaining the appeals and fixing the assessments at $60,000 and $80,000 respectively. On July 24, 1945, the board of revision of taxes filed exceptions to the decrees nisi; the exceptions were dismissed on November 21, 1945, and no appeal was taken therefrom. After the filing of the exceptions, but before their dismissal, assess-

ments were made for the 1946 taxes. The values fixed at this time were $86,600 and $121,000 respectively, which were the same values as then appeared on the books of the assessor for the previous year. The owners of the properties, plaintiffs in this action, were not given any notice of these 1945 assessments for the 1946 tax, and had no knowledge of the amounts of the assessments until February 1946, when they received their tax bill.

Upon the assumption that they no longer could appeal to the board of revision of taxes, and thereafter to the courts, and alleging that there was no other remedy available, plaintiffs brought their petition for alternative mandamus to have the members of the board of revision of taxes ordered to reduce the amount of the assessments to the figure determined for the preceding year, as a result of the court actions heretofore discussed. The board's position is that there was no change in the assessments from the amounts fixed for the preceding year, and that therefore they were not required to send notices of the new assessments.

The Act of June 27, 1939, P. L. 1199, sec. 10, 53 PS §4805.10, reads in part as follows:

"At least ten days prior to the first Monday in October of each year, *the board shall give printed or written notice* to the registered owners of all real property situated within the county, *the assessment upon which has been increased or decreased*, specifying the change made from the last preceding assessment, and setting forth that an appeal may be filed from such assessment on or before the first Monday of October, and stating as definitely as possible the time or times at which appeals will be heard by the board." (Italics supplied.)

We are not asked to order the board to perform the act of hearing aggrieved taxpayers or to issue the required notice, but to order it to reduce certain assessments to lower amounts. Although the words of the petition make it appear that the request is for the per-

214

formance of a ministerial act, it is actually a request for us to direct the board's discretion. There is no mere error to be corrected; ordering the assessments changed would be substituting our discretion for that of the board, without our even hearing any evidence as to the value of the property. This we cannot do: 11 Standard Pa. Practice 156, 157; the scope of mandamus remains unchanged by the new Rules of Civil Procedure: see Committee Notes to rule 1092. There is no need to discuss any other rights petitioner may have as we cannot order the issuance of a peremptory writ which varies from the alternative writ; "The thing commanded by the peremptory mandamus must be the same thing that has been asked for in the petition and tentatively allowed in the alternative mandamus": 11 Standard Pa. Practice 233, 234.

Accordingly, the mandamus is dismissed.